Dear Chief Munch:
On behalf of the Westwego Police Department you have requested an opinion of the Attorney General regarding the application of the Public Bid Law to a planned renovation project. According to your request, the Westwego Police Department purchased two buildings in March 2007, one to be used as the Westwego Police Department Training Center and the other building to be used as the Westwego Police Department Criminal Investigations Bureau. The buildings were purchased from the same owner and closed at the same time. Your office is now planning a renovation project of both buildings and you ask the following:
(1) Whether the Public Bid Law (LSA R.S. 38:2211-2296) is applicable to the renovation of the two buildings;
(2) Whether the renovation of the two buildings is considered one project or two for the determination of the applicability of the Public Bid Law; and
(3) If the Public Bid Law is not applicable, whether the project can be subcontracted by the Westwego Police Department when the materials and supplies do not exceed $100,000.
The Westwego Police Department is a public entity within the meaning of LSA-R.S 38:2211(10) and is therefore subject to the provisions of the Louisiana Public Bid Law in contracting for public works. Public works means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity. LSA-R.S. 38:2211(11). Under the Public Bid Law, contracts for public works projects exceeding $100,000 must be advertised and let to the lowest responsible and responsive bidder. LSA-R.S. 38:2212A(1)(a) (d). However, public works contracts that are estimated to cost less than the contract limit of $100,000 are not subject to the advertisement and bidding requirements of the Public Bid Law and may be undertaken by the public entity with its own employees (LSA-R.S. 38:2212B) or may be negotiated with one or more contractors. *Page 2 
To determine if the public works contract exceeds the $100,000 contract limit, the public entity must add together the total cost of materials that will go into the project, the wages and benefits which will be paid to the employees used in the project, the cost of supervision and administrative overhead not to exceed fifteen percent, and the rental value of the owned equipment which will be used as per the rates in the latest edition of the Association Equipment Dealers Rental Book. Atty. Gen. Op. No. 04-0079.
As stated above, if the project does not exceed the current contractual limit of $100,000, including labor, materials, and equipment as set forth in R.S. 38:2212A(1)(d), then the project may be undertaken by the Westwego Police Department using its own employees without competitive bidding pursuant to R.S. 38:2212B. However, contracts for the purchase of material and supplies exceeding $20,000 must be advertised and let by contract to the lowest responsible and responsive bidder. Contracts for purchases of materials and supplies costing $10,000 or more, but less than $20,000, must be made by obtaining no fewer than three telephone or fax quotations on the same specifications for the desired purchase. R.S.38:2212.1A(1)(a) (b). There are no provisions which set forth procurement requirements for smaller purchases. Atty. Gen. Op. No. 04-0275.
In response to your first question, please note that La.R.S. 2212(H) provides:
 Under no circumstances shall there be a division or separation of any public work project into smaller projects which division or separation would have the effect of avoiding the requirement that public work be advertised and let by contract to the lowest responsible bidder as provided by this Section.
The fact that the buildings were purchased at the same closing from a single vendor is of no moment. You have advised us that you propose different types of renovations to two distinct and separate buildings such that the plans for the buildings will be different and the potential pool of bidders would not be the same for both projects. Because you intend to utilize the buildings for distinct and separate purposes, one as offices for your criminal investigations division, the other as a training complex, each purpose presents a unique set of renovation issues and building requirements for each particular building that weigh in favor of treatment of them as separate public works projects. Further, in a recent telephone conversation, you advised our office that budget constraints will not allow you to complete both projects in the same fiscal year.
This situation is different than the one referenced in Atty. Gen. Op. No. 89-361. In that opinion, this office opined that when a school board wanted to build *Page 3 
fourteen buildings on separate sites, "the construction must be considered as one project or undertaking and bid out in a single contract to the lowest responsible bidder." There, however, the fourteen buildings were virtually identical in plans, specifications, construction and purpose. Under those facts, we concluded that the construction of classrooms, though contained in several buildings, was a single project that could not be split up. That singularity of construction plans and specifications are not present in your case.
The renovations of the two buildings are separate concepts, with separate plans and specifications, that may be considered separate and independent public work projects as defined by R.S. 38:2211A(11). Further, budgetary and business constraints are such that it will not permit both projects to be completed in the same fiscal year. Therefore, we are of the opinion that each work may be considered on its own to determine whether public bidding is required by the public contract law for that particular project. Under the particular circumstances presented here, the repairs and renovations of the two buildings constitute separate public work projects and may be considered separate when applying the public bid law.
If the cost of the individual renovation project exceeds $100,000.00, that project must be awarded to the lowest responsible bidder after the advertising requirements of the public bid law are met. If the cost of the particular project for each particular building, considered separately from the other project does not exceed $100,000.00, then the advertising and bid procedures would not be applicable and the police department may either choose to use its own employees subject to the guidelines for the purchase of materials and supplies set forth in LSA-R.S. 38:2212.1 or the department may negotiate the contract with one or more contractors subject to compliance with the Louisiana Contractors Licensing Law for public work projects that exceed the total cost of $50,000 pursuant to LSA-R.S. 37:2150-2163.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 By:___________________________
 Lindsey K. Hunter
 Assistant Attorney General
 JDC/LKH/crt